UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
MARTA HANYZKIEWICZ, Individually, And On :
Behalf Of All Others Similarly Situated, :
                                                                       Plaintiff, :     22-CV-4051 (ALC)

                        -against-                                 :     **OPINION & ORDER**

ALLEGIANCE RETAIL SERVICES, LLC., :

                                              Defendant. :

------------------------------------------------------------------- :
                                                                       x

**ANDREW L. CARTER, JR., District Judge:**

      Plaintiff Marta Hanyzkiewicz ("Plaintiff") brings this action on behalf of herself and all other persons similarly situated against Defendant Allegiance Retail Services, LLC ("Defendant" or "Allegiance"). Hanyzkiewicz alleges violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 *et seq*. and New York City Human Rights Law, N.Y.C. Administrative Code §8-107, *et seq*. (the "NYCHRL") on the basis that Allegiance denies visually impaired people from having full and equal access to its website. Defendant moves to dismiss Plaintiff's amended class action complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant asserts that Plaintiff's claims are mooted by virtue of a Consent Decree entered into on April 1, 2021 in a prior action in this Court captioned *Slade v. Allegiance Retail Services, LLC*, 20- cv-08358 (ALC) (the "Slade Action") that resolved the issues concerning such access barriers, or in the alternative, that the Court should enforce the Consent Decree to enjoin this action.

      For the reasons that follow, Defendant's motion to dismiss is GRANTED.

1

**FACTUAL BACKGROUND**

Plaintiff is a visually impaired and legally blind person who requires screen-reading software to read website content using her computer. Amended Complaint ("AC"), ¶2. Defendant is a company that owns and operates www.foodtown.com (its "Website"). AC ¶21.

Plaintiff alleges that she visited the Website on November 1, 2021, to purchase groceries, but was "denied a shopping experience similar to that of a sighted individual due to the website's lack of a variety of features and accommodations, which effectively barred Plaintiff from being able to use the Website as it was intended to be used." AC ¶24. These accessibility problems include, but are not limited to: failure of various menus to announce whether they were "collapsed" or "expanded"; issues navigating submenus; problems with pop-up windows; and lack of proper link descriptors. AC ¶25. Plaintiff further alleges that she returned to the Website on November 14, 2021, but was again unable to use its features due to the aforementioned accessibility issues. AC ¶26.

Defendant argues that Plaintiff's claims of access barriers on the Website are moot by virtue of a Consent Decree entered into on April 1, 2021 in a prior action in this Court captioned *Slade v. Allegiance Retail Services, LLC*, No. 20 Civ. 08358 (ALC) (S.D.N.Y. Apr. 1, 2021). According to Defendant, the Consent Decree resolved the issues concerning access barriers for visually impaired and legally blind individuals. *See* Def.'s Mem. Of Law in Support of its Motion to Dismiss, ECF No. 22 at 2. In the alternative, Defendant claims that the Court should enforce the Consent Decree and enjoin Plaintiff's claims as attempts to frustrate its purpose. *See* Def.'s Reply Memo, ECF No. 27 at 3-9.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted). Rather, "[t]he [counter-]plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Courts "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [the Court] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

A request for injunctive relief, such as that sought by Plaintiff under the ADA, will only be deemed moot by a defendant's voluntary compliance with the statute if the defendant meets the "formidable burden" of demonstrating that it is "absolutely clear the alleged wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.* (TOC), Inc., 528 U.S. 167, 190 (2000); *see also Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91-92 (2013); *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010). More specifically, "[t]he voluntary cessation of allegedly illegal activity may render a case moot 'if the defendant can demonstrate that [i] there is no reasonable expectation that the alleged

violation will recur and [ii] interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Clear Channel*, 594 F.3d at 110.

## DISCUSSION

Defendant argues that the Court lacks subject matter jurisdiction over this case because the AC was rendered moot by a Consent Decree in a prior case. In the Slade Action, the parties agreed upon and executed, and this Court so-ordered, a Consent Decree which encompasses the accessibility of Allegiance's Website and its mobile application. Shapiro Decl. Ex. D ¶¶2, 6. In relevant part, Allegiance agreed to use Reasonable Efforts to "modify the Website as needed to substantially conform to Web Content Accessibility Guidelines 2.0 and/or Web Content Accessibility Guidelines 2.1 Level A Success Criteria . . . so that the Websites will be accessible to persons with vision disabilities." Shapiro Decl. Ex. D, ¶ 13(a). The Decree remains in effect until April 1, 2024, and the Court continues to have jurisdiction over the matter until that date. *Id*. ¶11 and p. 11. Further, in Defendant's Reply Memorandum at ECF No. 27, Allegiance states that it's "Website has been fully remediated in good [faith] and it now complies with the applicable Web Content Accessibility Guidelines ("WCAG") as required by the Decree" and that both its Website and mobile application are compliant. ECF No. 27 at 1.

Here, although Defendant claims to have removed the accessibility barriers on its Website, Plaintiff claims that accessibility issues remain even after the Consent Decree had been in effect for several months. Thus, the Court cannot decide at this early stage of the proceedings that there is no subject-matter jurisdiction without further proof that Defendant has remediated the problems and they are not likely to recur.

4

*All Writs Act Analysis*

The All Writs Act provides that "the Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The Supreme Court has consistently construed this Act to 'authorize a federal court to issue such commands … as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained.'" *Ass'n for Retarded Citizens v. Thorne*, 30 F.3d 367, 369-70 (2d Cir. 1994)(quoting *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 40, 88 L. Ed. 2d 189, 106 S. Ct. 355 (1985)(internal citations and quotations omitted)). "'The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice.'" *Thorne*, 30 F.3d at 370 (quoting *United States v. New York Tel. Co.*, 434 U.S. 159, 174, 54 L. Ed. 2d 376, 98 S. Ct. 364 (1977)).

The Act empowers district courts to enjoin actions brought by nonparties when doing so is necessary to protect the court's jurisdiction over a previously entered consent decree. *United States v. Int'l Bhd. of Teamsters, et al.*, 907 F.2d 277, 280 (2d Cir. 1990). "The Second Circuit has distinguished between cases in which a party seeks to bind a nonparty to the substantive provisions of a consent decree and cases in which a court issues an injunction pursuant to the All Writs Act against a nonparty in order to effectuate a Consent Decree. [. . .] An important feature of the All–Writs Act is its grant of authority to enjoin and bind non-parties to an action when needed to preserve the court's ability to reach or enforce its decision in a case over which it has

5

proper jurisdiction." *United States v. Intl. Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO*, 911 F.Supp.743, 750 (S.D.N.Y. 1996), *aff'd*, 96 F.3d.653 (2d Cir. 1996).

Here, plaintiff's actions could frustrate the Court's prior consent decree, and must be enjoined. Although plaintiff does not presently intend to do anything that would frustrate the consent decree, allowing her case to proceed, especially as a putative class action, *could* frustrate the consent decree. As plaintiff states in her Opposition to the Motion to Dismiss at ECF No. 26 ("Opp."), plaintiff has included a proposed class that is absent from the Consent Decree and seeks "materially different remedies." Opp. at 24-25. Though plaintiff does not intend to frustrate the Consent Decree, it is entirely possible that her conduct in an ensuing litigation might disrupt the already existing Consent Decree. It is well-settled in this district that consent decrees serve a valuable role in preventing "duplicative, harassing, and perhaps frivolous litigation." *United States v. Int'l Broth. of Teamsters*, 728 F. Supp. 1032, 1047 (S.D.N.Y. 1990). This Court maintains jurisdiction over the *Slade* Consent Decree until April 2024, and can use its powers to enforce it. By enjoining the plaintiff from filing this new lawsuit, the Court can ensure that the underlying goals of providing access to the disabled are served and prevent potential conflicts between the two parallel litigations.

Plaintiff's attempt to align herself with the Second Circuit's ruling in *Thorne* and its progeny is misplaced. Here, Defendant does not seek to add Plaintiff Hanyzkiewicz to the original action or Consent Decree under *Slade*. *Compare Thorne*, 30 F.3d at 368 ("[T]his appeal primarily concerns the propriety of <u>adding a party</u> to an action pursuant to the All Writs Act, 28 U.S.C. § 1651, after a final order has already been entered on the basis of a consent decree and settlement agreements.")(emphasis added). In addition, the Court does not seek to enforce the

terms of the consent decree on a nonparty, and instead seeks to enjoin a nonparty from acts that frustrate the purpose of an already existing consent decree. *See United States v. Int'l Broth. of Teamsters*, 911 F. Supp. 743, 750 (S.D.N.Y. 1996). The Court holds that allowing plaintiff to proceed with this action would frustrate the purpose of its still in-effect Consent Decree in *Slade*. Therefore, the Court enjoins plaintiff from filing suit in this case.

Plaintiff's claims are not without recourse. If Plaintiff believes that the parties to the original action are not meeting their obligations under the consent decree, Plaintiff can move to enforce the consent decree on the parties under Rule 71 of the Federal Rules of Civil Procedure ("FRCP"). *Berger v. Heckler*, 771 F.2d 1556, 1565 (2d Cir. 1985). FRCP 71 allows nonparties to move to enforce court orders in the same manner as a party to the order in question when they are the intended beneficiaries and when they have standing to intervene under the zone-of-interest test. *EEOC v. Intl. Assn. of Bridge, Structural & Ornamental Ironworkers, Local 580*, 139 F. Supp. 2d 512, 520 (S.D.N.Y 2001). As a person who is visually impaired seeking to enforce rights under a contract for the benefit of the visually impaired and federal disability rights law, Plaintiff falls within the zone of interest of the consent decree.

## CONCLUSION

For the reasons discussed, Defendant's motion to dismiss is GRANTED. Plaintiff may file an amended complaint within 14 days of this order if she wishes to proceed with a Rule 71 motion or other course of action.

The Clerk of Court is respectfully directed to close the open motion at ECF No. 20.

7

**SO ORDERED.**

**Dated:**     **New York, New York**
                **March 31, 2023**

                                              **/s/ Andrew Carter**
                                              **ANDREW L. CARTER, JR.**
                                              **United States District Judge**